IN RE PETITION OF EDWARD F. CANNON, ET AL., LEGATEES AND BENEFICIARIES UNDER THE LAST WILL AND TESTAMENT OF HARRIET H. CANNON, FOR THE REMOVAL OF REBECCA P. PEPPER, ADMINISTRATRIX, C. T. A., OF SAID HARRIET H. CANNON'S WILL.

*Appeal from Register of Wills—Removal of Administratrix—Inability and Failure to do her Duty—Reversal of Decree.*

Order of Court reversing decree of Register of Wills removing administratrix.

*(October 7, 1904.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Woodburn Martin* and *Charles M. Curtis* for petitioners.

*C. W. Cullen, Charles F. Richards* and *Robert C. White* for appellants.

Superior Court, Sussex County, October Term, 1904.

APPEAL FROM REGISTER OF WILLS.

The record sent up by the Register was as follows:

"Copy of the proceedings in the matter of the application for the removal of Rebecca P. Pepper, Administratrix c. t. a., of Harriet H. Cannon, deceased.

To Daniel J. Layton, Esq., Register of Wills of the State of Delaware, in and for Sussex County.

## PETITION.

"The petition of the undersigned legatees and beneficiaries under the will of Harriet H. Cannon, deceased, respectfully represents,

" That Rebecca P. Pepper was on the second day of May, A. D. 1902, appointed administratrix c. t. a. of the estate of the said Harriett H. Cannon, deceased, by William F. Causey, Esq., late Register of Wills ; John H. Elliott, the executor named in the said will having renounced his office as appears by the records of this Court.

" That the said Rebecca P. Pepper, administratrix as aforesaid through inability or otherwise, has neglected her duties as such administratrix, among other things in the following respects, to wit :

" 1. She has failed to file a list of the debts and credits due the estate of the said deceased.

" 2. She has failed to file or state any account of her administration, before the Register of Wills.

" 3. She has been hostile to the said will and opposed to carrying out the provisions thereof, having opposed the probate thereof and promoted litigation of an appeal to the Superior Court from the order of the Register of Wills granting the probate thereof, which appeal was afterward dismissed, for want of prosecution.

" 4. On July 6th, 1904, without the knowledge of her counsel Edward D. Hearne and Charles W. Cullen, Esqrs., or any of your petitioners and being herself unrepresented by any other counsel, she entered into an amicable action in the Superior Court of the State of Delaware in and for Sussex County as defendant, with her son, Horace B. Pepper, as plaintiff and agreed to a rule of reference, whereby all matters in controversy were referred to three referees, selected by the parties.

"That the said plaintiff was represented by his counsel at the said hearing; that at the said hearing the plaintiff produced as his cause of action against the estate of the said deceased a probate of his demand, a copy of which is hereto annexed; that the said claim except a very small part thereof was upon its face barred by the statute of limitations; that the said administratrix not only did not oppose the allowance of the claim of the plaintiff, as it was her duty to do, by pleading the statute of limitations or by giving or procuring evidence within her own knowledge to the effect that the said deceased was not indebted to the plaintiff or otherwise contesting its validity; but, also, colluded with and assisted the plaintiff in proving his claim upon insufficient evidence; and your petitioners allege that the said claim is unjust and without a legal foundation and that the said deceased was not indebted to the said Horace B. Pepper, at the time of her death, in any sum of money.

"That, if the report of the said referees be confirmed and the award paid by the said administratrix, all of the personal estate of the deceased will be thereby absorbed and almost all of the proceeds received by said administratrix from the sale of the real estate of the deceased will also be so absorbed and the beneficiaries, under the said will, to whom the testatrix bequeathed the greater part of her estate, will be deprived of their legacies and bequests.

"Therefore, your petitioners, both on account of her inability and the neglect of her duties as administratrix as aforesaid, and because your petitioners are apprehensive that she will further waste and mismanage the estate of the deceased and neglect the duties of her office as administratrix to the detriment of the estate and of the beneficiaries thereof, respectfully request that the said Rebecca P. Pepper be removed by your Honor from her said office as administratrix c. t. a. of the estate of the said Harriet H. Cannon, deceased, and that some other suitable person be appointed in her place and your petitioners respectfully recommend that your Honor appoint Daniel Short or William A. Cannon in her place.

RECORD—PETITION.

"And as in duty bound they will ever pray, &c.

EDWARD F. CANNON,
AMANDA M. HEARNE,
WILLIAM A. CANNON,
CYRUS WARD,
JOSHUA J. CARMEAN,
STEPHEN T. RALPH,
HARRY W. ELLIS,
GEORGE W. C. ELLIS,
EDWIN T. SIRMAN, (Registrar),
J. T. ELLIS,
L. W. ELLIS,

"WOODBURN MARTIN,
  "*Attorney for Petitioners.*

"Filed August 30th, 1904.

"(EXHIBIT filed as annéxed to petition.)

"HARRIET H. CANNON,

"To HORACE B. PEPPER, Dr.

| | |
|---|---:|
| "To services and use of team from Sept. 2nd, 1885, to Dec. 7th, 1901, at $50.00 per year,.........................$ | 812.50 |
| To board for herself during the year 1886, 9 mos. at $10 | 90.00 |
| To board for Jennie Parker for the year 1886, at $6 per month,..................................................... | 72.00 |
| To board for herself during the year 1887, 9 mos. at $10 | 90.00 |
| To board for Jennie Parker for the year 1887 at $6 per month ............................................................. | 72.00 |
| To board for herself during the year 1890, six months at $10,..................................................... | 60.00 |
| To board for herself during the year 1891, six months at $10,..................................................... | 60.00 |
| | $1256.50 " |

" STATE OF DELAWARE, ⎱ ss.
SUSSEX COUNTY,        ⎰

" Personally appeared before me, Henry S. Marshall, a Justice of the Peace in and for said county, Horace B. Pepper, and maketh solemn oath that nothing has been paid or delivered towards satisfaction of said debt except what is mentioned and that the sum of $1256.50 is justly and truly due from the estate of Harriet M. Cannon, deceased, with interest.

" HORACE B. PEPPER.

" Sworn and subscribed before me this sixth day of July, A. D. 1904.

" HENRY S. MASHALL, J. P."

"STATE OF DELAWARE   ⎫   In the matter of the petition
                     ⎪   for the removal of Rebecca
        vs.          ⎬   P. Pepper as administratrix
                     ⎪   c. t. a. of Harriet H. Can-
REBECCA P. PEPPER,   ⎪   non, dec'd.
    Administratrix c. t. a. of ⎪
    Harriet H. Cannon, dec'd. ⎭   August 30th, 1904.

" The above and foregoing petition having been read and duly considered it is ordered by the Register that Rebecca P. Pepper, administratrix aforesaid, be cited and the cause assigned for hearing on Thursday, the fifteenth (15th) day of September at ten (10) o'clock, a. m., A. D. Nineteen Hundred and Four (1904).

" 1904, September 1st.  Citation issued to John R. Steel, Sheriff ' to cite Rebecca P. Pepper, administratrix c. t. a. of the said deceased, to appear and answer in the matter touching a petition of Edward F. Cannon et. al., praying for the removal of said Rebecca P. Pepper from her said office of administratrix c. t. a. of the estate of the said Harriet H. Cannon, deceased.'

" 1904, September 8th.  ' Cited,' says John R. Steele, Sheriff.

" 1904, September 8th.  Rule ordered for administratrix to show cause why the prayer of the petitioners should not be granted.

"1904, September 15th.   Attorney for petitioners appears and asks an extension of the  time for  hearing  until  Thursday,  September 22d, 1904.

"Extension  granted  upon  consent  of  defendant's  cousel.

"September 15th, 1904, subpœnas  issued  for  witnesses.

"And now to wit, this 22nd  day  of  September,  A. D. 1904, the above stated cause coming on  to be heard,  counsel  for defend ant moved to discharge the  rule  and dismiss  the  petition, on  the ground  that it did  not  set  forth  or  allege any  statutory grounds for removal.

"After argument, motion denied.

"Attorney for  petitioners  tendered  and  offered  in  evidence Judgment Docket, 1900, Superior  Court,  No.  45,  to  April  Term, 1901, and execution thereon No. 155, to April  Term, 1902.   Amicable Action Docket, Superior Court, 1902, page 1 and  all papers connected with  the  same.

"Motion made  by defendant's counsel  to  dismiss petition on ground that there was no proof offered to sustain allegations.

"Motion overruled.

"And now, to wit, this twenty-second day of September, A. D. nineteen hundred and four (1904), the above cause was regularly heard before the Register, and it is ordered, adjudged, and decreed by the said Register, that the rule be made absolute.

"Therefore it is hereby ordered, adjudged and decreed that the prayer of the petitioners be granted; and that the said Rebecca P. Pepper, be and she is hereby removed from her said office of administratrix c. t. a. on the grounds stated in the  said  petition; and the Letters of Administration c. t. a. heretofore granted are hereby revoked.

"And it is further ordered that John H. Elliott, be, and he is hereby appointed administrator d. b. n. c. t. a. of Harriet H. Cannon, deceased; and that the said John H. Elliott, administrator

aforesaid, pay all the costs in this action, out of the estate of said deceased.

"DANIEL J. LAYTON,

"*Register.*

"And now, to wit, this twenty-second day of September, A. D. nineteen hundred and four (1904), the said Rebecca P. Pepper, by Robert C. White and Charles W. Cullen, Esquires, her attorneys, appeals from the order of the Register in this case and requests that copy of the record and proceedings be filed in the Superior Court.

"ROBERT C. WHITE,

"CHARLES W. CULLEN,

"*Attorneys for Rebecca P. Pepper.*

"September twenty-third (23rd), nineteen hundred and four (1904). Copy of record sent up and filed in the Superior Court of the State of Delaware, for Sussex County.

"DANIEL J. LAYTON,

"*Register.*"

### ARGUMENTS.

*Charles W. Cullen for appellants*:—Our appeal is based on the ground that the petitioners have failed to prove fraud before the Register. There is no evidence except what is stated in the petition and in the two exhibits.

The petition was filed under *Rev. Code, p. 670, Section 12,* that "If the administrator, through inability or otherwise, neglect his duty, he shall be removed." The counsel for the petitioners have confined themselves to the one ground for removal, namely, that through inability or otherwise the appellant neglected her duty as such administratrix. They have not set out in what her neglect consists. They have not shown that an inventory was not filed or that an appeal was not passed. Nor have they shown that she failed to prosecute the application to set aside the will in the Superior Court, or that she was in any way antagonistic to the

will. The only testimony offered is a record of a judgment in the Superior Court of Harriet H. Cannon against Horace B. Pepper for $100. They do not allege fraud here. The statute under which the petition is filed does not cover fraudulent acts and if he seeks to show fraud that statute does not apply.

Therefore we ask that the decree of the Register be reversed.

*Martin*, of counsel for the petitioners, replied:

The Register's Court, as established by the Constitution, is given certain powers. One of the powers is that he may remove an administrator for certain causes.

Certain matters were before the Register. For instance, the matter of the administratrix having failed to file any list of debts or credits as required by statute, is a matter of which the Register had personal knowledge. The suspicious nature of the bill of Horace B. Pepper against the estate of Harriet H. Cannon running back to 1885, and the confessing of judgment by the administratrix in an amicable action without interposing the plea of the statute of limitations in order to protect the estate; the fact that the records of the Superior Court disclosed at the same time a judgment and execution for $100 in favor of Harriet H. Cannon against Horace B. Pepper, which was not set off by the administratrix against the claim of said Pepper, were all before the Register and were ample justification in his mind for the removal of this administratrix, because of inability and collusion with her son, Horace B. Pepper, and it was apparent to the Register that she was physically, mentally, or morally unable to do her duty, and he therefore removed her and appointed another administrator to protect the estate.

We therefore claim that the Register was fully justified in the action he took and that his judgment should be sustained by this Court.

LORE, C. J.:—In the matter of the petition of Edward F. Cannon et al. for the removal of Rebecca P. Pepper, administratrix

c, t. a. of Harriet H. Cannon, deceased, the Court have considered quite fully the case presented, and we do not find sufficient evidence to sustain the order of the Register as sent up. We are all of the opinion, therefore, that the appeal should be sustained and the order of the Register reversed.